**UNITED STATES of America,**
Appellee,

v.

**Jerome Dwight GLASS, Appellant.**
No. 8753.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 21, 1963.

Decided May 2, 1963.

Daniel J. Meador, Charlottesville, Va., and Ronald P. Sokol, Charlottesville, Va. (Court-assigned counsel), for appellant.

Roy G. Hall, Jr., Asst. U. S. Atty., (William H. Murdock, U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and J. SPENCER BELL, Circuit Judges.

### SOBELOFF, Chief Judge.

The appellant, Jerome Dwight Glass, is a prisoner in the federal penitentiary at Terre Haute, Indiana, to which he was committed after pleading guilty in the District Court for the Middle District of North Carolina. He filed pro se in that court a motion alleging that his pleas had been induced by certain promises made by an agent of the F.B.I., who also misled him as to the range of allowable penalties.[1] He did not designate his motion as one to vacate sentence, as he might have done. If with the same allegations of fact the motion had made it clear that Glass was seeking relief under 28 U.S.C.A. § 2255, the court might well have considered the allegations sufficient to merit consideration. Instead Glass' motion stated that he desired a transcript of his original trial for the purpose of preparing a motion for relief under section 2255.

■ Treating the moving papers as a request for a transcript only, the District Court denied relief in the belief that it was "without power to furnish a defendant with a copy of the transcript at government expense for the purpose of instituting a collateral attack upon a criminal proceeding."

Taking this view, the court found it unnecessary to determine whether Glass was indigent as he alleged and entitled to proceed in forma pauperis. There seems, however, to be no real question on this point. The affidavit of poverty was uncontested below and later the District Court, in granting leave to prosecute the present appeal in forma pauperis, found "as a fact that the petitioner·is unable to pay fees or costs, or give security therefor, * * *."

Neither did the court in these circumstances feel called upon to determine whether the allegations were sufficient to require a hearing. It is apparent, however, that the moving papers tendered by Glass recite facts sufficient to invite judicial inquiry into the voluntariness of his guilty pleas. See Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Pilkington v. United States, 315 F.2d 204 (4th Cir., 1963); United States v. Taylor, 303 F.2d 165, 168–169 (4th Cir., 1962); Heideman v. United States, 281 F.2d 805 (8th Cir., 1960). The real object of the motion is, as it recites, to show the inducements which resulted in the pleas and to establish "that the action of the sentencing court violated the constitutional rights of the petitioner." True, he thought that he must preliminarily seek a transcript of the trial proceedings in order effectively to prosecute his claim; but the allegations in his motion seem to state a prima facie case. It is not apparent how a transcript of the trial proceedings could advance his right to relief on the grounds stated, which occurred, if at all, before the case reached the courtroom.

Whatever his choice of labels, whether he called his motion one for relief under section 2255 or one for a transcript, the

---

1. Glass alleged in particular: "That these promises were made by one Arthur Lee, allegedly a special agent of the Federal Bureau of Investigation and an officer of the Sentencing Court. That in return for Petitioner's plea of guilty he would be granted certain considerations, to wit: That a Miss Dana Stone, a person in the company of Petitioner at the time of his arrest, would be released from custody without being charged as an accessory to crimes committed.· That a violation of the Mann Act would not be filed against the Petitioner for allegedly having transported the aforementioned Miss Stone across a state line for immoral purposes, and a guarantee that petitioner would ·not receive a sentence in excess of twenty-four (24) months."

It appears that Glass pleaded guilty to a three-count indictment charging violations of the Dyer Act, National Firearms Act, and impersonation of a federal employee (18 U.S.C.A. § 912). He was declared a Youth Offender and given an indeterminate sentence of 60 days to six years.

allegations satisfy the requirement of 28 U.S.C.A. § 2255 that, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the District Court should conduct a hearing on the merits. Pilkington v. United States, 315 F.2d 204 (4th Cir., 1963); Reed v. United States, 291 F.2d 856–857 (4th Cir., 1961).

One can readily understand the District Court's summary disposition of the motion, since Glass' ill-conceived characterization of it could well have misled the court into thinking that the only object was to obtain a transcript, the need for which had not been made to appear. However, we are dealing here with a layman who has stated significant facts impugning the constitutional validity of his sentence. His failure to present an adequate motion may be due only to his financial inability to avail himself of the drafting skill of a lawyer. Judges cannot perform the function of counsel; but as long as Congress fails to provide counsel for indigents, it is appropriate for judges not to insist that unrepresented litigants meet the high standards of pleading demanded of lawyers. Where the layman's papers clearly show what he is driving at, it is usually in the interest of justice and may in the long run save time to temper the reading of the papers with a measure of tolerance.[2]

We do not on this appeal pass finally on the petition. We hold only that it should be given further consideration by the District Court and that the above-quoted provisions of section 2255 should be given application. Since this is a matter for the District Court to resolve, its order of summary dismissal will be vacated and the case remanded for further proceedings.

With respect to the request for a transcript we wish to make it clear that on the record now before us we are not persuaded that Glass is entitled to a transcript at government expense, for he has shown no need for one. It is not contended, and if it were we could not uphold the contention, that an indigent may obtain a free transcript "merely for his examination in order to determine whether he wishes to engage in litigation."[3] An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.[4] On the other hand, we do not accept the proposition that a district court can never furnish an indigent a transcript for the purpose of instituting a collateral attack on a criminal pro-

2. "Prisoners are often unlearned in the law and unfamiliar with the complicated rules of pleading. Since they act so often as their own counsel in habeas corpus proceedings, we cannot impose on them the same high standards of the legal art which we might place on the members of the legal profession." Price v. Johnston, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L. Ed. 1356 (1948). See also, Darr v. Burford, 339 U.S. 200, 203–204, 70 S.Ct. 587, 94 L.Ed. 761 (1950), overruled on other grounds, Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Rice v. Olson, 324 U.S. 786, 791–792, 65 S.Ct. 989, 89 L.Ed. 1367 (1945); Tomkins v. Missouri, 323 U.S. 485, 487, 65 S.Ct. 370, 89 L.Ed. 407 (1945); Holiday v. Johnston, 313 U.S. 342, 350, 61 S.Ct. 1015, 85 L.Ed. 1392 (1941). And for our court Judge Haynsworth recently said: "Unlearned inmates of penal institutions * * * are usually ignorant of the legal niceties of the procedural rules in the courts. If one presents in his own behalf a petition which clearly merits some relief, he ought not to fail entirely because he misconceives the nature of the proceeding or mislabels his petition." Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir., 1963). See also Reed v. United States, 291 F.2d 856 (4th Cir., 1960); Aiken v. United States, 282 F.2d 215, 216 (4th Cir., 1960).

3. United States v. Hoskins, 85 F.Supp. 313, 314 (E.D.Ky.1949).

4. Absent some indication that a transcript would disclose matter relevant to the questions sought to be raised, an indigent is deprived of no right by a refusal to furnish him with such a transcript at public expense. Cf. Draper v. State of Washington, 372 U.S. 487, 495–496, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963).

ceeding, where he has stated a proper ground for relief and a transcript is indispensable.[5] However, as no need for a transcript has been shown here, we find it unnecessary to delineate the circumstances in which a court may exercise this power under 28 U.S.C.A. § 753 (f).[6]

One final point remains to be disposed of. While the appeal was pending in this court, Glass was conditionally released from the penitientiary and is now on parole.[7] The Government insists that the case has become moot and moves to dismiss. This contention cannot be sustained. Recently the Supreme Court squarely held that a prisoner placed on parole meets the "in custody" prerequisite for maintaining a collateral attack. Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). Although Jones was a state prisoner's habeas corpus case, we perceive no basis whatsoever for a distinction which would limit to the habeas corpus field the principles there announced, to the exclusion of section 2255 motions by federal prisoners. See Sanders v. United States, 83 S.Ct. 1068 (U.S. April 29, 1963). We are accordingly of the opinion that the recent change in the nature of Glass' custodial status neither impairs his right to pursue his post-conviction remedy nor renders his appeal moot.[8]

Judgment vacated and case remanded for further proceedings.

5. It should be carefully borne in mind that the principles of Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), are not limited to direct appeals from criminal convictions but apply with equal force to collateral proceedings. Lane v. Brown, 372 U.S. 477, 483–484, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963); Smith v. Bennett, 365 U.S. 708, 714, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961).

6. Pertinent is the following language of the statute: "Fees for transcripts furnished in criminal or habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose." While one cir-

cuit has held that this provision does not apply to indigent prisoners proceeding by motion under section 2255, United States v. Stevens, 224 F.2d 866 (3d Cir., 1955), that decision cannot be regarded as authoritative in light of the Supreme Court's more recent pronouncements in Griffin, Smith and Lane, supra.

7. He will be under supervision until 1967, remaining "in the legal custody and under the control of the Attorney General." 18 U.S.C.A. § 4203.

8. See also, United States v. Brilliant, 274 F.2d 618, 620 (2d Cir., 1960); Hoptowit v. United States, 274 F.2d 936, 938 (9th Cir., 1960).