**David Marion ANSPACH**

v.

**UNITED STATES of America.**

**Crim. Nos. 3646, 3647, 3649.**

United States District Court
W. D. North Carolina,
Asheville Division.

July 26, 1963.

William Medford, U. S. Atty., Robert J. Robinson, J. O. Israel, Asst. U. S. Attys., Asheville, N. C., for the United States.

Wade Hall, Asheville, N. C., for petitioner.

WARLICK, District Judge.

This matter comes before the Court on a motion filed by the petitioner under the provisions of 28 U.S.C.A. § 2255, on November 26, 1962, to vacate sentence originally imposed. A similar motion had also been filed by a co-defendant, Alexander Henry Smith, petitioner's half brother, and will be treated separately in an Opinion soon to be handed down in said cause.

On February 3, 1961, at Asheville, petitioner, along with his co-defendants Smith and one Patricia Ann Hall, was arraigned before this Court and pleaded guilty to the following offenses:

(1) By Information in No. 3646: 14 counts charging the forging and uttering of stolen postal money orders in the Southern District of West Virginia (violation of 18 U.S.C.A. § 500);

(2) By Information in No. 3647, 4 counts: Count one charging the petitioner with presenting a forged money order with intent to defraud, in violation of 18 U.S.C.A. § 500; Counts two and three charging the forging and uttering of a postal money order, in violation of 18 U.S.C.A., Section 500; and Count four charging the offense of receiving, concealing, and retaining property of the United States, to-wit: 681 blank money orders and validating stamps of a value of more than $100, knowing the property to have been stolen, in violation of 18 U.S.C.A. § 641;

(3) By Indictment in No. 3649: 4 counts charging the forging and uttering of U. S. Postal Money Orders, in violation of 18 U.S.C.A. § 500.

Following the arraignment and plea of the petitioner, the facts concerning all of the above violations were presented by a government witness, Postal Inspector Harwood Hall, and, after an appraisal of

the petitioner's background and his criminal record, and after affording him the opportunity to speak and state facts in mitigation of punishment prior to the imposition of sentence, the Court imposed a total prison sentence of ten (10) years upon petitioner, setting 5 years in No. 3646 and 5 years in Nos. 3647 and 3649, after consolidating the two for judgment. This sentence was later reduced to six (6) years.

Upon the filing of the motion herein, the Court appointed Wade Hall, Esq., of Asheville, a member of the Buncombe County Bar, to represent the petitioner and ordered that petitioner be brought from the U. S. Penitentiary, Milan, Michigan, to Asheville, for a hearing. This hearing was had on February 8, 1963. At the same time, Alexander Henry Smith, his half brother and co-defendant, was also present pursuant to a Court order delivering him from the U. S. Penitentiary, Leavenworth, Kansas, to be heard upon his motion, which was similar in every respect, alleging identically that set out in petitioner's motion. The female defendant has never filed an application such as is embraced herein and likely has been released by this time.

At this hearing petitioner did not take the stand nor was any evidence offered in his behalf other than a copy of his motion to vacate sentence. The rather lengthy hearing was primarily concerned with evidence offered on behalf of the petitioner, Alexander Henry Smith.

Petitioner's motion sets forth three (3) contentions:

(1) That he was ignorant of his right to counsel and was not advised of this right, thus depriving him of the effective assistance of counsel;

(2) That his pleas of guilty were not entered voluntarily; and,

(3) That he was denied both "due process of law" and an impartial hearing.

At the hearing it was learned by the Court, upon questioning petitioner, Anapach, that his name had been presented to the Parole Board for consideration but that he did not at that time know whether he would make parole or not. Since that time, through correspondence with the Bureau of Prisons, it has been ascertained that petitioner was released on parole from the Federal Correctional Institution in Milan, Michigan, on May 6, 1963, and is presently under the supervision of Charles T. Hosner, Chief United States Probation Officer, Detroit, Michigan.

■ The facts relative to the arraignment and sentence of the petitioner and his co-defendant, Smith, will be fully discussed in a separate opinion dealing with Smith's petition. However, he was given a considerably longer period of service and obviously is still confined. It would serve no useful purpose to repeat in detail the facts as they appeared in the evidence. The conclusion reached in this matter is that upon the crucial question of assistance of counsel, the petitioner intelligently and with understanding waived his right to counsel on the date of his trial, February 3, 1961. Each witness who testified for the Government at the Smith hearing testified in substance that each of the petitioners waived his right to counsel intelligently and with full understanding.

■ In addition, the most salient factor in denying Anspach's petition is the fact that he declined to testify at the hearing, thereby leaving for the Court only the bare allegations appearing in his petition upon which to make the findings. The burden of proof is upon the petitioner. Certainly probative weight should not be attached to a self-serving document which does not afford the Government the opportunity of cross examination of the petitioner and of other evidence offered.

■ This Court is aware of the decision in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, wherein it was squarely held that a petitioner placed on parole meets the "incustody" prerequisite for maintaining a collateral attack in a state prisoner's habeas corpus

case, and of the recent Fourth Circuit opinion by Chief Judge Sobeloff in United States v. Glass, 317 F.2d 200, at page 203 in which the same principle is applied to Section 2255,—motions by Federal prisoners. There the petitioner had been conditionally released from the penitentiary on parole and Judge Sobeloff stated:

"We are accordingly of the opinion that the recent change in the nature of Glass' custodial status neither impairs his right to pursue his post-conviction remedy nor renders his appeal moot."

In this case, however, petitioner has been afforded a hearing, at which time he declined to offer evidence or pursue his motion to vacate. It would appear that by his failure to testify he abandons his collateral attack and desires rather to rehabilitate himself under the supervision of the parole system. Further, vacation of his sentence at this time would not accrue to his benefit. Rather, it would mean that, if vacated, he could be retried upon the various charges in the three separate cases.

Based upon the above findings, I therefore conclude:

(1) That petitioner intelligently and with understanding waived his right to have counsel appointed to represent him on February 3, 1961, as required by Rule 44.

(2) That from a close study and an exhaustive analysis of the record in this case, together with a review of all evidence introduced at the hearing herein on February 8, 1963, when Smith presented his evidence and made his showing, the Court is of the opinion that the petitioner's Constitutional rights have not been violated, and that all lawful safeguards afforded him have been observed.

(3) That the petition filed herein by the petitioner has failed to state a ground for relief and said petition is hereby dismissed.

(4) That the sentence heretofore imposed upon petitioner on February 3, 1961, by this Court, shall remain in full force and effect.

(5) That a copy of this Decision be delivered to Mr. Charles T. Hosner, Chief United States Probation Officer, Detroit, Michigan, to the end that he deliver a copy to petitioner in order that he may be advised of the decision of the court.