### William POLLARD
#### v.
### Edward G. KIDD, Clerk, Richmond Hustings Court.
### Civ. A. No. 74-0122-R.

United States District Court,
E. D. Virginia,
Richmond Division.

Oct. 21, 1974.

William Pollard, pro se.

John B. Mann, Asst. Commonwealth's Atty., Robert E. Shepherd, Jr., Asst. Atty. Gen. of Virginia, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, an indigent Virginia prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the State has unconstitutionally denied him certain parts of his trial transcript which he "needs" to collaterally attack his April 6, 1972, conviction for robbery. Jurisdiction is conferred by 28 U.S.C. § 1343. Plaintiff has complied with this Court's order of March 11, 1974, to amend his complaint in order to demonstrate the "particularized need" for his transcript required by Jones v. Superintendent, 460 F.2d 150 (4th Cir. 1972), see Pollard v. Kidd, C.A.No.74–0122–R, mem. decis. and order (March 11, 1974), and this matter now comes before the Court on the defendant's motion for summary judgment.

Equal Protection and Due Process command that a prisoner who seeks to mount a state or federal collateral attack on his conviction is entitled to relevant portions of his trial transcript whenever he alleges a defect in his conviction of constitutional dimension and can identify with particularity those relevant portions of his transcript which he "needs" to prosecute and prove his claim. Jones v. Superintendent, 460 F.2d 150, 152 (4th Cir. 1972), citing Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892 (1963) and United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). As Judge Craven said for a unanimous court in *Jones*,

> We hold the right to a transcript when needed to collaterally attack a conviction does not depend upon a balancing of the expense and administrative inconvenience to the state against the interest of a defendant in securing a trial free from constitutional error. The right is absolute, irrespective of expense or inconvenience to the state. Jones v. Superintendent, supra, 460 F.2d at 153.

While the district courts in this circuit have been charged with the duty of administering the "particularized need" requirement of Jones v. Superintendent, the Court of Appeals has not as yet considered a case calling for it to set out more precise and definitive guidelines for the trial court's guidance in fulfilling this responsibility. The Court of Appeals has held that a petitioner has an absolute right to a transcript which he "needs" to collaterally attack his conviction, but it has also said that the State need not be put to the expense and burden of preparing a transcript where a petitioner seeks to collaterally attack his conviction but alleges no constitutional defect in the criminal process which produced that conviction. *Id.* at 153. An indigent is not entitled to a transcript, at least in this circuit, "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).

Thus, the district courts in every "particularized need" transcript case are faced with the question of the quantum of "need" which an indigent plaintiff must show in order to obtain those portions of his trial transcripts which are relevant to his constitutional contentions. If plaintiffs are to be required to make more than a prima facie showing of need, then the district court will be forced to hold a preliminary hearing foreshadowing the merits of the plaintiff's claim in every indigent transcript case, or else give it short shrift. See, Huey v. North Carolina, 364 F.Supp. 447 (W.D.N.C.1973) (McMillan, J.). From the point of view of both justice and the efficient administration of the district courts, either result is unacceptable. The Court of Appeals will not, on the basis of expense and inconvenience alone, sanction the denial of relevant portions of their trial transcripts to indigents who "need" them to collaterally attack their convictions, and this Court is equally satisfied that the Court of Appeals never intended to burden the district courts with unnecessary duties.

Moreover, a preliminary hearing procedure to ascertain the question of "need" would be doubly unwelcome for

reasons of federalism. It would require the district court to become heavily involved in some habeas actions and to make tentative expressions on their merits while those actions, as in the case here, are still in the State court system. Comity mandates, in this Court's view, a less intrusive means of administering the "particularized need" requirement than to hold full blown hearings, in many instances before exhaustion of State remedies has taken place, on the "need" of prisoners for relevant portions of their trial transcripts.

The Court must find a means of administering the "particularized need" standard which reconciles the command of the Equal Protection Clause with the interest in minimizing both the burden upon the district courts and the degree of intrusion into areas of legitimate State concern.

Accordingly, the Court holds that whenever a litigant seeks to raise claims of constitutional dimension, which are not patently frivolous, on collateral review of his conviction in either a state or federal court, that litigant is entitled to those portions of his or her transcript which he or she can identify with reasonable particularity and which have arguable relevance to the constitutional contentions which he or she intends to raise. This Court will not deny a request for a portion of a trial transcript made with reasonable particularity unless the plaintiff's claim is patently frivolous, or, if not frivolous, unless those portions of the transcript which the plaintiff seeks are absolutely irrelevant to the claim he asserts and intends, with the aid of the transcript, to prove.

Plaintiff alleges that his collateral attack on his conviction will rest on three prongs: (1) denial of effective assistance of counsel; (2) a serious discrepancy between the preliminary hearing and trial testimony of a prosecution witness; and (3) an unconstitutionally suggestive in-trial identification of the plaintiff, Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968).

Plaintiff's allegations of ineffective assistance of counsel are too generalized to furnish the requisite particularity for a transcript except the allegation that counsel failed to perfect and take the appeal to the Supreme Court of Virginia. Since the allegation that counsel failed to take his appeal rests on matters outside the record, petitioner's request for a transcript on that ground will be denied.

Second, petitioner attacks the credibility of Mrs. Ethel Heller, the owner of the store in which the robbery occurred, whom he alleges to be the Commonwealth's chief witness in his case. Matters of credibility of witnesses and sufficiency of the evidence do not ordinarily furnish grounds for a due process collateral attack on a conviction. On the other hand, if the plaintiff's conviction rests entirely on the testimony of a witness, which is inherently incredible, that conviction will, as a matter of due process, have to be reversed. See Thompson v. Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960); Shuttlesworth v. Birmingham, 382 U.S. 87, 86 S.Ct. 211, 15 L.Ed.2d 176 (1965). Since the plaintiff has raised a valid constitutional claim and has made a "showing of need, however slight," R. Sokol, Federal Habeas Corpus, 220 (2d ed. 1969), the Court concludes that the Equal Protection and Due Process clauses of the Fourteenth Amendment require that the State furnish plaintiff with Mrs. Heller's testimony.

Finally, the plaintiff alleges that a prosecution witness whose name is unknown to the plaintiff made an in-trial identification of the plaintiff from photographs, at the same time that plaintiff was seated in the courtroom. Since the defendant does not deny this allegation and for purposes of a motion for summary judgment it must be accepted as true, the plaintiff is entitled to that portion of the transcript which records the in-trial identification in order to assist him in prosecuting and proving his claim under Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d

1247 (1968), that the identification procedures were unconstitutionally suggestive.

Accordingly, the defendant's motion for summary judgment will be granted in part and denied in part.

An appropriate order shall enter.