799 F.2d 751
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oscar Antone, Jr., Appellant,
v.
Paul Levene, Public Defender; Brian Murphy, Public
Defender; Dennis M. Henderson, Public Defender, Appellees.
 No. 85-6067.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1986.
Decided Aug. 29, 1986.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frank A. Kaufman, District Judge. (C/A No. K-80-1212)
 Before PHILLIPS and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 (Oscar Antone, Jr., Appellant Pro Se. Alfred J. O'Ferrall, III, and George A. Epstein for Appellees.)
 
 PER CURIAM:
 
 2
 Oscar Antone, Jr., appeals the entry of judgment for defendants in his civil rights action brought pursuant to 42 U.S.C. Sec. 1983. In his complaint, Antone alleged that he had a substantive due process right to obtain from the Public Defender's Office of Maryland existing transcripts pertinent to an underlying criminal conviction, without having to show a particularized need for the transcripts. Alternatively, Antone alleged that, because he showed a particularized need, he had a right to the transcripts in the possession of the Public Defender's Office. Antone also alleged in his complaint that he had a property right in the transcripts, and that the Public Defender's Office had deprived him of that right without due process of law.
 
 
 3
 To succeed in a Sec. 1983 action, a plaintiff must establish a deprivation of a right secured by the Constitution or by federal law. Parratt v. Taylor, 451 U.S. 527 (1981).* Generally, no constitutional right exists to state trial transcripts, absent a showing of need. Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 153 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973). There is law in this Circuit which suggests that a petitioner may have a right to transcripts if his court-appointed attorney no longer has a need for them. Fowlkes v. Weaver, No. 79-6104 (4th Cir., May 9, 1979) (unpublished). The Maryland Public Defender's Office stated in its pleadings, and the Maryland Court of Appeals affirmed, however, that under Maryland law the Public Defender's Office has an obligation to represent a petitioner in his first post-conviction petition. See Md. Ann. Code art. 27A, Sec. 4(b)(3) (1983); Md. Ann. Code art. 27, Sec. 645A (1982). The Public Defender's Office, therefore, has a continuing need for the transcripts, and Fowlkes thus does not apply.
 
 
 4
 We find that the district court did not err in finding that Antone failed to show a particularized need for the transcripts at this time. Antone alleged only that he needed the transcripts to attack the credibility of witnesses. The district court is empowered by Habeas Rule 5, 28 U.S.C. foll. Sec. 2254, to arrange for transcripts once a petition has been filed. Nothing, therefore, prevents Antone from acquiring his transcripts should a concrete need emerge.
 
 
 5
 Likewise, we find no error in the district court's disposition of Antone's claim of deprivation of property without due process of law. Property interests are of course created and defined by state law. Butner v. United States, 440 U.S. 48, 55 (1979); Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 6
 Because of the unsettled state of Maryland law, the district court certified to the Maryland Court of Appeals, pursuant to Md. Cts. & Jud. Proc. Code Sec. 12-601, the question whether a property right to transcripts exists for Antone under Maryland law. When the Maryland Court of Appeals answered this query in the negative, the district court properly found that Antone had failed to state a federal constitutional claim, and entered judgment for the defendants.
 
 
 7
 Finally, we find no error in the district court's refusal to order the preparation of a transcript of a hearing held May 22, 1984, at which the court heard arguments on Antone's substantive due process claim, among other things. The record adequately details all of the relevant facts and legal conclusions necessary for appellate review.
 
 
 8
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The Sec. 1983 plaintiff additionally must establish that the defendant acted "under color of state law." We need not decide whether defendants acted under color of state law in this case, although we note it is a close question