816 F.2d 672
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William H. GLAZEBROOK, Plaintiff-Appellant,
v.
William MACALI; Michael D. Fasanaro, Jr.; 2nd Judicial
Circuit of Virginia, Defendants-Appellees.
 No. 86-7309.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 9, 1987.
Decided April 10, 1987.
 
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 William H. Glazebrook, appellant pro se.
 Thomas Drummond Bagwell, Office of the Attorney General of Virginia, for appellees.
 PER CURIAM:
 
 
 1
 William H. Glazebrook, a Virginia inmate, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. The district court will be affirmed for the reasons set forth below.
 
 
 2
 Glazebrook maintains that there has been a conspiracy to obtain his conviction involving his attorneys, the judges, magistrates, police, jail staff, and the prosecutors. Glazebrook asserts three claims. First, Glazebrook alleges ineffective assistance of counsel against his trial attorney. He states that his attorney, among other things, failed to call enough defense witnesses, failed to impeach witnesses, demonstrated poor judgment and poor legal knowledge in attorney-client consultations, and failed to do a thorough investigation. In his second claim, Glazebrook alleges ineffective assistance against his appellate attorney. He claims his appellate attorney failed to communicate with him enough, did not follow Glazebrook's suggestions, filed a frivolous appeal, and did not obtain necessary transcripts. In his third claim, Glazebrook alleges that the judges violated his right to a fair trial. He states that his motions and objections were ignored and denied. In addition, the judge failed to realize that Glazebrook's attorney was ineffective, never sent him a copy of his presentence report, and the courts never answered his letters. For relief, Glazebrook seeks copies of documents, transcripts, and records relating to his state trial and appeal.
 
 
 3
 Citing Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982), the district court construed Glazebrook's complaint as a petition for habeas corpus because it called into question the validity of his state court conviction. See id. (Sec. 1983 action alleging conspiracy and seeking damages, declaratory and injunctive relief including provision of materials relevant to federal lawsuit would be dismissed for lack of exhaustion because complaint directly called into question validity of state court conviction). The district court permitted Glazebrook an opportunity to exhaust his claims. When Glazebrook could not demonstrate exhaustion, the district court dismissed his suit without prejudice.
 
 
 4
 Because adjudication of the claims asserted by Glazebrook would require the district court to pass upon the validity of his conviction, we find no error in the district court's requirement that Glazebrook demonstrate exhaustion of state remedies. Although a state prisoner may attempt to secure his trial transcript by demonstrating through a Sec. 1983 action a particularized need for it, Jones v. Superintendent, 460 F.2d 150, 152 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973), Glazebrook's claims constitute a broad-based attack on his conviction rather than a particularized need for state court records. Were the district court to adjudicate these claims prior to their consideration by the state courts, the principle of comity underlying the exhaustion requirement would be frustrated. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the judgment of the district court.
 
 
 5
 AFFIRMED.