877 F.2d 60
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hasford T. ALTMAN, Defendant-Appellant.
 No. 89-7043.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 7, 1989.
Decided June 12, 1989.
 
 Hasford T. Altman, appellant pro se.
 Robert Joseph Seidel, Jr., Office of the United States Attorney, for appellee.
 Before PHILLIPS, MURNAGHAN, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Hasford T. Altman appeals from the district court's orders denying his requests for a transcript of his sentencing hearing at government expense. Our review of the record and the district court's opinion discloses that this appeal is without merit.
 
 
 2
 An indigent is not entitled to a transcript of a proceeding at government expense absent a showing of need. Jones v. Superintendent, 460 F.2d 150, 153 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973). A desire to comb the transcript in search of error is insufficient. United States v. Glass, 317 F.2d 200, 202 (4th Cir.1963); Cowan v. United States, 445 F.2d 855, (5th Cir.1971) (per curiam). Generally, if matters which form the basis of the collateral attack are within the knowledge of the petitioner, a sufficient need for a transcript will not be present. United States v. Shoaf, 341 F.2d 832, 835 (4th Cir.1964).
 
 
 3
 It is clear from Altman's request for a transcript and his motion to reconsider the denial of the request that he has not demonstrated sufficient need under Jones, Glass, and Shoaf to entitle him to a transcript at this time. He did not take a direct appeal. He has not filed a post-conviction motion collaterally attacking his plea or sentence, has not alleged potential error from any proceeding leading up to his conviction or sentence, and has not suggested how the sentencing transcript will be relevant to the Parole Commission's guideline determination. In fact, Altman admits that he wants the transcript to "examine and consider options within the post-conviction process...."
 
 
 4
 Accordingly, although we grant leave to proceed on appeal in forma pauperis, we find no abuse of discretion in the district court's denial of the transcript and affirm the district court's orders. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 AFFIRMED.