1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
John Wesley ZIMMERMAN, Jr., Defendant-Appellant.
 No. 93-6278.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 3, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CR-87-215-G, CR-88-15-G)
 John Wesley Zimmerman, Jr., Appellant Pro Se.
 Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Wesley Zimmerman, a federal inmate who was convicted by a jury on bank robbery and firearms charges, appeals the district court's denial of his request for a free copy of transcripts and court records. Zimmerman simply claims that his motion has merit and that there should not be any discrimination between defendants based on their ability to pay. According to court records, this is Zimmerman's fourth request for free transcripts and court records. We affirm the district court.
 
 
 2
 Copies of transcripts may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. See Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973). An indigent is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963).
 
 
 3
 Zimmerman's request for copies of his transcripts does not establish the requisite need under Jones. The Rules Governing Section 2255 Proceedings require only that the facts in support of a claim for relief be set forth in summary form. Rule 2(b). Discovery may thereafter be available in the Sec. 2255 proceeding. Rule 6. Because Zimmerman has failed to establish why he cannot, without copies of court records, set forth in summary form the facts in support of his claims of constitutional violations, we affirm the district court's denial of his request. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED