**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

FRANK PHILLIP KALITA, JR.,
            *Defendant-Appellant.*

No. 02-4364

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

FRANK PHILLIP KALITA, JR.,
            *Defendant-Appellant.*

No. 02-4386

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-01-391-A)

Submitted: January 30, 2003

Decided: February 10, 2003

Before WIDENER, NIEMEYER, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nach-manoff, Assistant Federal Public Defender, Alexandria, Virginia, for

Appellant. Michael Edward Rich, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In Appeal No. 02-4364, Frank Phillip Kalita, Jr., appeals from the district court's order denying his motion to file an untimely appeal. In Appeal No. 02-4386, he appeals from the district court's order partially denying his motion for provision of documents at government expense. Kalita's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal. Kalita has filed a pro se supplemental brief challenging the validity of his guilty plea and his sentence, and asserting claims of ineffective assistance of counsel. We affirm in both cases.

Kalita's Judgment and Commitment order was entered on January 5, 2002; Kalita dated his notice of appeal March 16, 2002. The district court determined that the notice of appeal was untimely filed and that Kalita failed to show excusable neglect or good cause to warrant an extension of the appeal period. We find no abuse of discretion in this determination. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Raynor*, 939 F.2d 191, 197 (4th Cir. 1991). Accordingly, we affirm the district court's denial of Kalita's motion to file an untimely appeal.

In the second appeal, Kalita challenges the district court's denial of his motion for a copy of the government's sentencing motion at government expense. Finding that Kalita failed make a sufficient showing of his need for this document in relation to his appeal, the district court denied the motion. We find no abuse of discretion in this determination, and therefore affirm. *See* 28 U.S.C. § 753(f) (2000); *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972).

In his pro se supplemental brief, Kalita raises challenges to the validity of his guilty plea and his sentence. Because Kalita failed to note a timely appeal from his criminal judgment, those issues are not properly before this court. *See Raynor*, 939 F.2d at 197. Kalita also asserts that counsel was ineffective with respect to his plea, his sentencing, and the failure to file a timely notice of appeal. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's deficient performance plainly appears on the face of the record. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997); *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not plainly evidence that Kalita's counsel rendered ineffective assistance, these claims must be raised, if at all, in a motion filed pursuant to 28 U.S.C. § 2255 (2000). *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994).

In accordance with *Anders*, we have examined the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's orders denying Kalita's motion to file an untimely appeal, and denying, in part, his motion for copies of documents at government expense. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*