**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 07-4951**

―――――――――――

UNITED STATES OF AMERICA,

　　　　　　Plaintiff - Appellee,

　　　v.

PHILIP DUANE PARKER,

　　　　　　Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western
District of Virginia, at Danville.  Norman K. Moon, District Judge.
(4:97-cr-30084-NKM)

―――――――――――

Submitted:  March 26, 2008　　　　Decided:  April 11, 2008

―――――――――――

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia, for
Appellant. Ray Burton Fitzgerald, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Charlottesville, Virginia; Donald Ray Wolthuis, OFFICE OF
THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Philip Duane Parker appeals his thirty-four month sentence imposed upon revocation of his supervised release. Parker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but suggesting the district court erred by: (1) denying Parker's motion for the preparation of his resentencing transcript at government expense and (2) declining to impose a sentence outside of the advisory policy statement range based on the evidence Parker presented of retaliatory prosecution. Although advised of his right to file a pro se supplemental brief, Parker has not done so. After a thorough review of the record, we affirm.

An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript. Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152-53 (4th Cir. 1972); United States v. MacCollom, 426 U.S. 317, 320-21 (1976). Parker failed to establish the relevance of or his need for the transcript. He claimed only that the transcript would verify his cooperation in a prior investigation involving a state police officer. However, the testimony at the revocation hearing established this fact, and the subject of his prior cooperation was not disputed. More significantly, the resentencing transcript would not have

substantiated Parker's allegation that the state assault conviction, which was the basis for his revocation, was the result of retaliatory prosecution. Thus, we conclude the district court did not err in denying Parker's motion for preparation of a transcript at government expense.

With respect to Parker's challenge to his sentence, we will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006), cert. denied, 127 S. Ct. 1813 (2007). Parker's sentence was within the advisory policy statement range of thirty to thirty-seven months based on a Grade A violation, Parker's criminal history category, and his supervised release status. See U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (2007). It was also well below the statutory maximum for his original offense. See 21 U.S.C. § 841(b). Accordingly, the sentence was not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. Accordingly, we affirm the revocation of Parker's supervised release and his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
