<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-2174**

─────────────

KATRINA OKOLI,

     Plaintiff - Appellant,

   v.

MAYOR AND CITY COUNCIL OF BALTIMORE,

     Defendant - Appellee,

   and

THE CITY OF BALTIMORE; JOHN P. STEWART, Executive Director;
MARTIN O'MALLEY, Mayor; MICHAEL R. ENRIGHT, 1st Deputy
Mayor; COLM O'COMARTUN, Special Assistant; COMMISSION ON
AGING & RETIREMENT ED. (CARE),

     Defendants.

─────────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore. William M. Nickerson, Senior District
Judge. (1:06-cv-03025-WMN)

─────────────

Submitted: January 31, 2013     Decided: March 14, 2013

─────────────

Before KING, GREGORY, and WYNN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Katrina Okoli, Appellant Pro Se.   Gary Gilkey, Assistant Solicitor, Allyson Murphy Huey, BALTIMORE CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrina Okoli proceeded to trial on her claims of employment discrimination on three grounds. The jury found for Okoli on her retaliation claim only, awarding her $60,000 in nominal damages for that claim. Thereafter, the district court granted Defendant's motion for judgment as a matter of law in part, reducing Okoli's nominal damages award to one dollar. The court also denied Okoli's motion to reconsider the matter. On appeal, Okoli challenges the district court's reduction of her jury award and denial of her motion to reconsider. For the reasons that follow, we affirm.

Okoli failed to submit any evidence to establish compensatory or other economic damages that occurred as a result of Defendant's termination of her employment. Thus, the district court instructed the jury that, if it found for Okoli, it could only award nominal damages. Despite the district court's clear instructions that nominal damages was an award of only one dollar, or other small sum, the jury awarded Okoli $60,000. The district court therefore granted the Defendant's motion for judgment as a matter of law to reduce the award to one dollar.

On appeal, Okoli does not contest the fact that she entered no evidence to support the jury's award. We review grant of a motion for judgment as a matter of law de novo, and

3

view the facts in the light most favorable to the nonmoving party. Sloas v. CSX Transp. Inc., 616 F.3d 380, 392 (4th Cir. 2010). We find no reversible error and therefore affirm the district court's order granting, in part, Defendant's motion for judgment as a matter of law and the order denying reconsideration of the matter. See Okoli v. Mayor & City Council of Baltimore, No. 1:06-cv-03025-WMN (D. Md. June 28, 2012; Sept. 25, 2012).

We further deny Okoli's motion for transcripts at Government expense. An appellant has the burden of including in the record on appeal a transcript of all parts of the proceedings material to the issues raised on appeal. Fed. R. App. P. 10(b); 4th Cir. R. 10(c). An appellant proceeding on appeal in forma pauperis is entitled to transcripts at Government expense only in certain circumstances. 28 U.S.C. § 753(f) (2006). Under 28 U.S.C. § 753(f), Okoli is not entitled to a transcript at Government expense unless a circuit judge certifies that the appeal is not frivolous, but rather, presents a substantial question. Rhodes v. Corps of Eng'rs of U.S. Army, 589 F.2d 358, 359-60 (8th Cir. 1978) (per curiam); see Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) (noting that "[i]t is settled in this circuit that 'an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record

4

in the hope of discovering some flaw.'" (quoting <u>United States v. Glass</u>, 317 F.2d 200, 202 (4th Cir. 1963))).  On this record, we conclude that Okoli has not made the requisite showing and these arguments, in their current form, fail to provide "specific issues and supporting facts and arguments raised on appeal" as required by Local Rule.  4th Cir. R. 34(b).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5