**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6253**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALBERT CHARLES BURGESS, JR.,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cr-00017-GCM-DLH-1)

Submitted:  April 21, 2016          Decided:  April 26, 2016

Before WILKINSON, KING, and KEENAN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Albert Charles Burgess, Jr., Appellant Pro Se.  Thomas Richard Ascik, Assistant United States Attorney, Asheville, North Carolina, Kimlani M. Ford, Cortney Randall, Amy Elizabeth Ray, Edward R. Ryan, Assistant United States Attorneys, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., notes an appeal from the district court's order denying his motion for unredacted trial transcripts and denying his motion to set aside conviction and sentence.

We conclude that Burgess' motion to set aside conviction and sentence was in substance a successive 28 U.S.C. § 2255 (2012) motion. The portion of the district court's order denying this motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

2

We have independently reviewed the record and conclude that Burgess has not made the requisite showing. The district court lacked jurisdiction to deny § 2255 relief on the merits because Burgess' motion to set aside challenged the validity of his convictions and should have been construed as a successive § 2255 motion. See Gonzalez v. Crosby, 545 U.S. 524, 531–32 (2005); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion. See 28 U.S.C. § 2244(b)(3) (2012). We therefore deny a certificate of appealability and dismiss this portion of the appeal.

With respect to the portion of the district court's order denying Burgess' motion for trial transcripts, we have reviewed the record and find no reversible error. Burgess' transcript request did not establish the requisite need under Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972) (noting that "[i]t is settled in this circuit that 'an indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw.'" (quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963))). Accordingly, we affirm this portion of the district court's order. United States v. Burgess, No. 1:09-cr-00017-GCM-DLH-1 (W.D.N.C. Feb. 8,

3

2016).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
