**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7034**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SEAN ECHOLS,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:13-cr-00211-JFA-1)

Submitted:  November 22, 2016   Decided:  November 28, 2016

Before DIAZ and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sean Echols, Appellant Pro Se.  Stacey Denise Haynes, William Kenneth Witherspoon, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sean Echols, a federal inmate who pled guilty to conspiracy to use facilities in interstate commerce in furtherance of a murder-for-hire scheme, appeals from the district court's order denying his motion for reconsideration of its prior order denying his request for copies of discovery material in his closed criminal case.[1]  Echols asserted that such material[2] was necessary to enable him to present claims challenging his 240-month prison term.  We affirm the district court's denial of this request.

Copies of transcripts and court records may be provided to an indigent litigant at government expense[3] upon a showing by the litigant of a particularized need for the documents. See Jones v. Superintendent, Va. State Farm, 460 F.2d 150,

---

[1] Echols was sentenced to 240 months' imprisonment for his conviction in August 2014.  The district court denied his 28 U.S.C. § 2255 (2012) motion challenging his conviction in April 2015.  Echols's original request for discovery material was filed in June 2016, and his motion for reconsideration was filed in July 2016.

[2] Echols sought unspecified "discovery material" and "Brady[ v. Maryland, 373 U.S. 83 (1963),]" material of an unspecified nature.  The motion for reconsideration also references summaries of witness statements that Echols claims are contained within the discovery material and claimed that Echols did not receive a copy of his plea agreement.

[3] We assume, because Echols did not tender payment for copying costs, that any request for court records was at government expense.

152-53 (4th Cir. 1972). Such a litigant, however, is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). To the extent that the discovery material Echols sought was contained in court records, he did not establish the requisite need for such records under Jones. Echols failed to establish why he cannot, without a copy of the material he sought, set forth any claims he wishes to raise that challenge his 240-month prison term.

To the extent that Echols sought post-conviction discovery to support efforts to obtain relief under 28 U.S.C. § 2255, a habeas movant, "unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Thus, discovery is granted only for good cause. Rule 6, Rules Governing § 2255 Proceedings. A habeas movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). We conclude after review of the record that Echols has not established good cause for post-conviction discovery.

We therefore affirm the district court's denial of Echols's motion. United States v. Echols, No. 3:13-cr-00211-JFA-1 (D.S.C. July 14, 2016). We dispense with oral argument because

3

the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED