**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6894**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ALBERT CHARLES BURGESS,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Graham C. Mullen, Senior District Judge.  (1:09-cr-00017-GCM-WCM-1)

Submitted:  November 27, 2019                    Decided:  December 18, 2019

Before MOTZ, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Albert Charles Burgess, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Charles Burgess, Jr., a federal inmate who was convicted in 2009 of possessing and receiving visual materials shipped in interstate commerce via computer depicting a minor engaged in sexually explicit conduct, appeals from the district court's order denying his motions for copies of trial transcripts from the tapes of trial, a new trial under Fed. R. Crim. P. 33, a hearing on the merits of his new trial motion, and appointment of hearing counsel.

Copies of transcripts and court records may be provided to an indigent litigant at government expense[*] upon a showing by the litigant of a particularized need for the documents. *See Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152-53 (4th Cir. 1972). Such a litigant, however, is not entitled to free copies "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). We find no reversible error in the district court's denial of Burgess' motion for copies of trial transcripts because Burgess did not establish the requisite need under *Jones*. Although Burgess claimed tapes of the trial established misconduct by the prosecution, he did not establish why he cannot, without copies of the transcripts, set forth any claims he wishes to raise that challenge any misconduct by the prosecuting attorneys in his case.

Turning to Burgess' motion for a new trial, under Rule 33, Burgess had "14 days after the verdict or finding of guilty" to file the motion. Fed. R. Crim. P. 33(b)(2). The

---

[*] Burgess did not tender payment for copying costs and proceeded in the district court under the Criminal Justice Act due to his indigency. We therefore assume that Burgess was requesting transcripts at expense to the Government.

2

jury found Burgess guilty on November 18, 2009. Burgess filed his new trial motion in March 2019. The motion, therefore, was not timely, and we affirm the district court's denial on the ground it lacked jurisdiction to hear the motion. *See United States v. Smith*, 62 F.3d 641, 643, 648 (4th Cir. 1995). Additionally, because the district court did not reversibly err in denying the untimely new trial motion, there was no need to hold a hearing on the merits of Burgess' claims or to appoint hearing counsel for Burgess. The district court thus did not reversibly err in denying these motions.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*