**Johnny Wayne GURLEY, Petitioner,**

**v.**

**SUPERIOR COURT OF MECKLEN-
BURG COUNTY, Respondent.**

**Misc. No. 556.**

United States Court of Appeals
Fourth Circuit.

May 27, 1969.

Before BOREMAN, BRYAN and WINTER, Circuit Judges.

PER CURIAM:

Johnny Wayne Gurley has presented to this Court his "Petition for a Writ of Mandamus," *in forma pauperis*, seeking to compel the Superior Court of Mecklenburg County, North Carolina, to furnish him, without cost, a transcript of a trial in that court in 1966 which resulted in his conviction of a criminal offense. The court in which he was convicted refused to furnish such transcript. He states only that he intends to use the transcript for the purpose of preparing a petition for state postconviction review

of his conviction and contends that he now is constitutionally entitled to be furnished with a trial transcript by virtue of the principles underlying the decision in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

We conclude that since this court lacks appellate jurisdiction over the courts of the State of North Carolina, we also lack jurisdiction to issue the requested writ of mandamus.

The authority of federal courts to issue extraordinary writs derives from the "all writs statute," 28 U.S.C. § 1651. This authority, however, exists for the sole purpose of protecting the respective jurisdictions of those courts. And in the United States Courts of Appeals this authority is only incidental to and in aid of appellate jurisdiction, Mutual Life Ins. Co. of New York v. Holly, 135 F.2d 675 (7 Cir. 1943), which Congress has given it over district courts, Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185 (1943), and administrative boards and agencies, Board of Governors, etc., v. Transamerica Corp., 184 F.2d 311 (9 Cir. 1950). See 6 Moore Federal Practice ¶ 54.10[4].

" * * * [C]ircuit courts of the United States have no power to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, and this result is not changed because the relief sought concerns an alleged right secured by the Constitution of the United States." Covington & C. Bridge Co. v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 25, 51 L.Ed. 111 (1906).

This court has no original jurisdiction in the matter now presented and in no sense sits as an appellate tribunal for any state court. In the instant case there has been no exercise of jurisdiction,[1] there is no existing jurisdiction which has not been exercised,[2] and there is no prospective appellate jurisdiction which needs to be protected.[3] As stated in McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501, 54 L.Ed. 762 (1910):

" * * *. The courts of the United States have no power to acquire jurisdiction of a case or question by issuing a writ of mandamus. Their authority in this regard is limited to the issuance of writs of mandamus in aid of their appellate jurisdiction and in such cases as are already pending and wherein jurisdiction has been obtained on other grounds and by other process." (217 U.S. 268 at 272, 30 S.Ct. 501.)

Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ.

Since this court is wholly without jurisdiction in the premises the petition must be dismissed.[4]

1. See United States v. United States District Court, 334 U.S. 258, 68 S.Ct. 1035, 92 L.Ed. 1351 (1948) ; United States v. Smith, 331 U.S. 469, 67 S.Ct. 1330, 91 L.Ed. 1610 (1947).

2. See Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942); United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129 (1914).

3. McClellan v. Carland, 217 U.S. 268, 30 S.Ct. 501 (1910).

4. Although denial of the issuance of the writ is based on lack of jurisdiction we should add that if the court possessed the necessary jurisdiction it would not afford the petitioner the relief requested. There is no absolute right to a free transcript of trial proceedings for use in a collateral attack on those proceedings even where such attack has, in fact, been instituted. An indigent must show some need for the transcript beyond his mere desire to comb the record in the hope of discovering some flaw. See United States v. Shoaf, 341 F. 2d 832, 833–834 (4 Cir. 1964), in which Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585 (1956), is discussed.