**Franklin Ray HUEY, Petitioner,**

v.

**STATE OF NORTH CAROLINA,**
**Respondent.**

**Civ. A. No. 2515.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Sept. 24, 1973.

Richard N. League, Asst. Atty. Gen., of North Carolina, for respondent.

## ORDER

McMILLAN, District Judge.

Petitioner, Franklin Ray Huey, is detained in the North Carolina prison system serving sentences totalling twelve years for involuntary manslaughter (ten years) and assault with a deadly weapon (two years). In the most recent of a series of petitions before this court he seeks a copy of the transcript of his trial, asserting that it contains evidence going to the voluntariness of his guilty plea.

■ A petitioner is entitled to a free transcript only upon showing a particularized "need" for it, Gurley v. Superior Court, 411 F.2d 586 (4th Cir. 1969); United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964). In its most recent reaffirmation of this necessity, Jones v. Superintendent, Virginia State Farm, 460 F.2d 150 (1972), the Fourth Circuit Court of Appeals went on to say that, once such a need is demonstrated, an absolute right to the transcript attaches; there is to be no balancing of the petitioner's right against alleged inconveniences to the state.

■ The state in its response points out that the transcript cases have an overtone of paradox about them. The "need" standard was developed in order to prevent a petitioner's putting the state to expense merely in order to allow him to "comb the record" (as other appellants do) searching for previously unspecified errors. On the other hand, the cases may have reduced the "need" standard to a merely formal obstacle, which a sufficiently trained writer can usually hurdle by careful phrasing.

The only apparent resolution of this paradox would be for this court to procure and review the transcript to determine first hand whether it does in fact tend to show a constitutional deprivation. This procedure would require someone—state or federal—to produce a transcript, and it would require nearly as much work by this court as a review on the merits of the inevitably forthcoming petition. That would put the court in a position somewhat reminiscent of the apocryphal barefoot boy who ate a sizeable watermelon (to see if he

could stomach it) just before accepting a bet that he could not eat such a watermelon at that afternoon's picnic.

Huey has, under *Jones*, demonstrated a need for a transcript , and I hereby direct the defendants to provide one.

However, since constitutional rights are at stake in these cases, and since transcripts are still believed to be somewhat more available and less costly than the time and effort of United States judges, it might be better practice just to adopt a rule that transcripts should be provided free to any petitioner who has a *financial* (as opposed to a "legal") need for it.

This 21st day of September, 1973.