872 F.2d 416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Claude Raymond CURRY, Plaintiff-Appellant,
v.
Charles H. HADEN, II, Defendant-Appellee.
 No. 88-7819.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 27, 1989.
Decided March 29, 1989.
 
 Claude Raymond Curry, appellant pro se.
 Michael Warren Carey, Office of the U.S. Attorney, for appellee.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claude Raymond Curry appeals the district court's dismissal of his "Petition and Motion for Records and Evidence." We affirm.
 
 
 2
 In his petition, Curry asked the district court to direct the clerk of the district court, the director of the Kanawha County Commission, and Assistant United States Attorney Michael Carey to turn over certain records to Curry. The district court construed Curry's petition as a petition for a writ of mandamus. The court found that the petition was frivolous and that the court lacked authority to issue a writ of mandamus in the absence of a pending civil action.
 
 
 3
 The court erred in finding that it had no authority to issue a writ of mandamus in the absence of a pending civil action. See In re First Federal Savings & Loan Ass'n of Durham, 860 F.2d 135, 138 (4th Cir.1988). We affirm its decision on other grounds, however. A writ of mandamus cannot be used to compel state officials to act; thus, the district court did not err in declining to issue a writ of mandamus compelling the president of the Kanawha County Commission to provide Curry with the records he requested. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir.1969) (court lacks mandamus authority over state officials).
 
 
 4
 A writ of mandamus compelling the Assistant United States Attorney to turn over the requested records also would have been improper. A writ of mandamus is unwarranted unless the petitioner has a clear right to the relief he seeks and has no other adequate means to obtain it. First Federal Savings & Loan, 860 F.2d at 338. Curry's allegations do not show that he is clearly entitled to the documents which are allegedly in the possession of the Assistant United States Attorney; in addition, if he is entitled to these documents, he can obtain them by filing a request under the Freedom of Information Act, 5 U.S.C. Sec. 552, with the appropriate agency.
 
 
 5
 We assume that the district court denied Curry's request for court records as frivolous, and that the court found this claim to be frivolous after investigating whether the clerk failed to provide Curry with copies of the records he allegedly purchased.
 
 
 6
 Accordingly, we find that the district court did not err in denying Curry's petition. We therefore affirm its judgment. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.