887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Noah Michael LOHR, Petitioner.
 No. 89-8006.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1989.
Decided: Sept. 20, 1989.
 
 Noah Michael Lohr, petitioner pro se.
 Before DONALD RUSSELL, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Noah Michael Lohr, a federal prisoner, petitions this Court for a writ of mandamus which would dismiss a Virginia state indictment under which he has been convicted. We grant leave to proceed in forma pauperis but deny the petition.
 
 
 2
 In 1984, Lohr, who was then using the alias Maurice Robert Carter, was convicted in the Circuit Court of Albemarle County, Virginia of conspiring to distribute cocaine in violation of Va.Code Ann. Secs. 18.2-248 and 18.2-256. He failed to appear for sentencing and he remained at large until his 1987 arrest on a federal charge of conspiring to import cocaine. Following his conviction and incarceration on the federal charge, the Commonwealth of Virginia lodged a detainer against him. In May 1988, the Circuit Court of Albemarle County, Virginia, issued a writ of habeas corpus ad prosequendum directing that "Maurice Robert Carter" be brought before that court. Lohr was then transported to Virginia for sentencing on the 1984 cocaine conviction.
 
 
 3
 According to Lohr, the Virginia circuit judge sentenced him to 30 years on the state charge but refused to decide whether the sentence would run concurrently or consecutively with the federal sentence until he observed Lohr's adjustment to incarceration. Lohr argues that the circuit judge's failure to determine whether the sentence would run consecutively or concurrently has prevented the judgment from becoming final and appealable. He therefore claims that a writ of mandamus from this Court directing that the Virginia indictment be dismissed is his only adequate remedy for the alleged defects in his conviction, which he maintains include numerous violations of the Interstate Agreement on Detainers.
 
 
 4
 We disagree. If in fact the Circuit Court of Albemarle County is violating a mandatory duty to enter a final judgment against Lohr, Lohr's remedy is to petition the Virginia Supreme Court or the Virginia Court of Appeals for a writ of mandamus directing the circuit court to enter judgment. See Va.Code Ann. Sec. 17-96 ("The Supreme Court of Virginia shall have jurisdiction to issue writs of mandamus and prohibition to the circuit and city courts"); Va.Code Ann. Sec. 17-116.04 ("in such cases over which the [Court of Appeals] would have appellate jurisdiction [such as appeals in non-capital criminal cases, see Va.Code Ann. Sec. 17-116.05:1], the court shall have original jurisdiction to issue writs of mandamus"). This Court does not have mandamus jurisdiction over state courts. See Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir.1969).
 
 
 5
 PETITION DENIED.