896 F.2d 1366
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Claude Raymond CURRY, Petitioner.
 No. 89-8039.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 27, 1989.
Decided: Feb. 8, 1990.
 
 Claude Raymond Curry, petitioner pro se.
 Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Claude Raymond Curry brought this petition for writ of prohibition seeking to prevent destruction of records relating to his criminal indictment in 1968 for threatening the life of the President. Curry named as respondents to the petition two federal judges, a United States Attorney, and four state officials.
 
 
 2
 Curry alleged in support of the petition that he did not commit the crime and that judges and other state and federal officials had tampered with court records. He also alleged that his former attorney fraudulently obtained a power of attorney from him and used it to copyright in his own name a book Curry had written, and that the United States Attorney altered copyright records to cover up this action. He also stated that he was not informed of his own competency hearing and that the psychiatrist who testified regarding his mental state at the time of the crime was himself insane. He did not contend that court records were currently in danger of being destroyed, nor did he state his reasons for wanting to preserve the records.
 
 
 3
 A writ of mandamus or prohibition cannot be used to compel state officials to act or refrain from acting in a given manner. Davis v. Lansing, 851 F.2d 72, 74 (2d Cir.1988); Gurley v. Superior Court of Mecklenberg County, 411 F.2d 586, 587 (4th Cir.1969). Further, a writ of mandamus or prohibition will only be granted if the petitioner has a clear and indisputable right to the requested relief and there is no other remedy available. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). Writs of mandamus or prohibition are granted only in extraordinary circumstances. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34-35 (1980).
 
 
 4
 Curry's allegations appear to challenge actions leading to his confinement a number of years ago. Appropriate remedies, including a petition for habeas corpus under 28 U.S.C. Sec. 2241, were available to challenge that confinement. We find no warrant, at this late date, to grant an extraordinary writ based on Curry's unsupported allegations of conspiracy and wrongdoing.
 
 
 5
 Therefore, we deny the petition. We deny leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 6
 PETITION DENIED.