**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-1695**

---

In Re:  CAMILLE T. TAYLOR,

                                                    Petitioner.

---

On Petition for Writ of Mandamus.
(CA-00-630-A)

---

Submitted:  June 2, 2000              Decided:  June 5, 2000

---

Before LUTTIG, TRAXLER, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Camille T. Taylor, Petitioner Pro Se.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Camille Taylor petitions for a writ of mandamus. She seeks an order from this court staying a state court eviction order and enjoining her landlord, Charles E. Smith Residential Realty, L.P., from proceeding with the eviction. She also seeks an order staying the district court's denial of her motion for injunction against enforcement of the eviction order.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Assn., 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). Finally, this court does not have jurisdiction to grant mandamus relief against state officials, see Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review state court orders, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

Because Taylor may challenge the state court's eviction order through an appeal in the state court system, and because we do not have jurisdiction to review the state court orders, mandamus relief is not warranted. Further, to the extent that the district court's

2

orders may be appealable, Taylor's contentions may be raised in her appeal of those orders. Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED