**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 00-6904**

─────────────

EDWARD K. NELSON,

                                        Petitioner - Appellant,

          versus

SOUTH CAROLINA DEPARTMENT OF PROBATION, PAROLE
AND PARDON SERVICES; JANE DOE, an unknown
Parole Officer; JOHN DOE, Parole Officer; JIM
MCCLAIN, Interstate Parole Officer; ALICE
CHIAPORRI, Parole Officer,

                                        Respondents - Appellees.

─────────────

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Dennis W. Shedd, District Judge.
(CA-00-1349-19BD)

─────────────

Submitted:  September 21, 2000      Decided:  September 29, 2000

─────────────

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Edward K. Nelson, Appellant Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Edward Nelson appeals the district court's denial of his petition for a writ of mandamus. Our review of the record and the district court's opinion accepting the recommendation of the magistrate judge reveals this appeal is without merit. Accordingly, we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies. See Nelson v. South Carolina Dep't of Probation, No. CA-00-1349-19BD (D.S.C. May 24, 2000);[*] see also Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Although the district court's order is marked as "filed" on May 23, 2000, the district court's records show that it was entered on the docket sheet on May 24, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

2