**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 01-6288**

———————————

In Re: ANTHONY STEVEN AUSTIN,

Petitioner.

———————————

On Petition for Writ of Mandamus.

———————————

Submitted: April 27, 2001              Decided: May 7, 2001

———————————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Anthony Steven Austin, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Steven Austin petitions this court for a writ of mandamus directing a North Carolina state court to act on his Motion for Appropriate Relief. In the alternative, he asks us to vacate several state misdemeanor convictions.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Federal courts have no general power to compel action by state courts. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Nor do we have jurisdiction to review state court orders. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

We conclude that Austin has not established his clear right to the relief sought; nor can we compel state courts and officials through a writ of mandamus. Therefore, although we grant Austin leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

2