**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

**FOR THE FOURTH CIRCUIT**

In Re: REGINALD L. FRAZIER,

Petitioner.

No. 02-2400

In Re: REGINALD L. FRAZIER,

Petitioner.

No. 02-2403

On Petitions for Writ of Mandamus.
(CA-02-39-4, CA-02-29-5)

REGINALD L. FRAZIER,
                    *Petitioner-Appellant,*

v.

J. B. FRENCH; LOFTIN,
Superintendent; MAUREEN MURRAY,
                    *Respondents-Appellees.*

No. 02-6641

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-02-29-5-MC-BO)

Submitted: March 25, 2003

Decided: April 25, 2003

Before WILKINS, Chief Judge, MOTZ, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Nos. 02-2400 and 02-2403 petitions denied and No. 02-6641 affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Reginald L. Frazier, Appellant Pro Se. Sandra Wallace-Smith, Assistant Attorney General, Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

These three proceedings, filed by Reginald Frazier, involve a 1989 order of the North Carolina State Disciplinary Hearing Committee disbarring Frazier. In No. 02-6641, Frazier appeals from an order of the district court denying his request to be reinstated to the federal bar of the Eastern District of North Carolina. In Nos. 02-2400 and 02-2403, Frazier petitions this court for writs of mandamus vacating the 1989 order of disbarment and enjoining further enforcement of that order.

In No. 02-6641, the district court denied Frazier's request for reinstatement to the federal bar on the ground that Frazier had not established he had been reinstated by the North Carolina State Bar. Frazier argues on appeal that recent litigation in state court has invalidated the 1989 order disbarring him. However, an examination of the state decisions in question reveals that they did not deal with the 1989 and 1990 orders of disbarment but with 1995 contempt convictions. Federal courts have inherent authority to control admission of attorneys to their bars. *In re Morrissey*, 305 F.3d 211, 224 (4th Cir. 2002).

Members in good standing of the bar of the Supreme Court of North Carolina are eligible for admission to the bar of the Eastern District of North Carolina. Local Civil Rule 83.1(b), EDNC. The district court rejected Frazier's request for reinstatement on the ground that Frazier was unable to establish membership in that bar. As the district court acted in accordance with its rules, we affirm.

In Nos. 02-2400/2403, Frazier seeks writs of mandamus directed to state officials and courts. Mandamus relief is available only when the petitioner has a clear right to the relief sought. *See In re First Fed. Sav. & Loan Assn.*, 860 F.2d 135, 138 (4th Cir. 1988). Mandamus is a drastic remedy and should only be used in extraordinary circumstances. *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. *See In re United Steelworkers*, 595 F.2d 958, 960 (4th Cir. 1979). This court does not have jurisdiction to grant mandamus relief against state officials, *see Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969), or to review state court orders, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, the relief sought by Frazier is not available by way of mandamus.

Accordingly, in No. 02-6641, we affirm the decision of the district court. We deny Frazier's motions to expedite the appeal, to remand the case, to vacate an order of this court and to recuse the Clerk, and to strike a document. In Nos. 02-2400/2403, we deny the petitions for mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

Nos. 02-2400/2403 - *PETITIONS DENIED*

No. 02-6641 - *AFFIRMED*