**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-6701**

_____

In Re:  REGINALD REX FRAZIER, SR.,

Petitioner.

_____

On Petition for Writ of Mandamus.  (CA-02-29-4)

_____

Submitted:  June 24, 2003          Decided:  July 28, 2003

_____

Before WILKINS, Chief Judge, MOTZ, Circuit Judge, and HAMILTON, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Reginald Rex Frazier, Sr., Petitioner Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Reginald Frazier, disbarred as an attorney in 1989, has recently been convicted in North Carolina state court of several counts stemming from his unauthorized practice of law. He petitions this court for a writ of mandamus, stay or injunction, and habeas corpus relief, alleging that he has been deprived of liberty and property and is being held in unlawful custody. He names several North Carolina officials as Respondents.

Mandamus relief is available only when the petitioner has a clear right to the relief sought. See In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Mandamus is a drastic remedy and should only be used in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); In re Beard, 811 F.2d 818, 826 (4th Cir. 1987). Mandamus may not be used as a substitute for appeal. See In re United Steelworkers, 595 F.2d 958, 960 (4th Cir. 1979). This court does not have jurisdiction to grant mandamus relief against state officials, see Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969), or to review state court orders, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Thus, the relief sought by Frazier is not available by way of mandamus.

Frazier also requests habeas corpus relief. To the extent that he seeks to file an original habeas petition with a circuit judge, pursuant to 28 U.S.C. § 2254(a), we dismiss the petition.

2

Pursuant to Fed. R. App. P. 22(a), application for habeas relief must be made to the appropriate district court, here, the Eastern District of North Carolina. We note that Frazier must first exhaust his state remedies. § 2254(b)(1). In violation of Rule 2, Rules Governing § 2254 Cases, Frazier has not filed an actual petition for habeas relief, but merely requested such relief in his petition for mandamus. In view of that fact, and because it seems unlikely that Frazier has fully exhausted state remedies from a conviction that is only three months old, we decline to transfer the habeas request to the district court as such a transfer would not serve the interests of justice.

Accordingly, we deny Frazier's motion for stay or injunction of his sentence and his motion to incorporate prior cases, and deny his petition for mandamus relief. To the extent that Frazier seeks habeas corpus relief from this court, we dismiss the petition without prejudice to his right to file such a petition in the district court after exhausting state remedies. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED