**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1556**

In Re:  MACK NEIL MYERS,

                    Petitioner.

On Petition for Writ of Mandamus.  (0:09-cv-00738-HMH)

Submitted:  September 18, 2009        Decided:  October 13, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Petition denied by unpublished per curiam opinion.

Mack Neil Myers, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mack Neil Myers petitions for a writ of mandamus seeking an order directing the United States District Court for the District of South Carolina to order (1) the Darlington County Court to provide Myers with Brady* material; to permit defense witnesses to testify; to appoint counsel; and (2) the Darlington County Public Defender's Office to provide Myers a copy of his file. Myers also seeks an order directing the district court "to stop ignoring [his] due process rights." In conjunction with his petition for writ of mandamus, Myers requests authorization, pursuant to 28 U.S.C. § 2244 (2006), to file a successive 28 U.S.C. § 2254 (2006) habeas petition.

We deny Myers' petition for writ of mandamus. This court does not have jurisdiction to grant mandamus relief against state officials. Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, we cannot mandate that the district court order the Darlington County Court and Darlington County Public Defender's Office to provide Myers the relief he seeks. Further, Myers' request for an order directing the district court to cease violating his due process rights is well beyond the scope of the writ. In re Braxton, 258 F.3d 250, 261 (4th Cir. 2001) (party seeking writ

---

* Brady v. Maryland, 373 U.S. 83 (1963).

of mandamus must establish, <u>inter alia</u>, that the requested act is an official act or an act of duty).

We further conclude Myers has not satisfied the statutory requirement for filing a successive petition under 28 U.S.C. § 2254. In order to obtain authorization to file a successive § 2254 petition, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the petitioner guilty of the offense. 28 U.S.C. § 2244(b)(2). Myers' claims do not satisfy either of these criteria. Therefore, we deny authorization to file a successive § 2254 petition.

For the foregoing reasons, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus and for authorization to file a successive § 2254 petition. We further deny Myers' pending motions for discovery, the appointment of counsel, and reconsideration of the Clerk's order deferring ruling on the motion to appoint counsel. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>