**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

──────────

**No. 20-1018**

──────────

In re: EGBERT FRANCIS, JR.,

        Petitioner.

──────────

On Petition for Writ of Mandamus.

──────────

Submitted:  March 10, 2020               Decided:  March 13, 2020

──────────

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

──────────

Petition denied by unpublished per curiam opinion.

──────────

Egbert Francis, Jr., Petitioner Pro Se.

──────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Egbert Francis, Jr., petitions for a writ of mandamus seeking an order to compel the state court in Wake County, North Carolina, to enforce an order it issued for a complete recordation of all proceedings and to grant Francis a new trial. We conclude that Francis is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The relief sought by Francis is not available by way of mandamus. Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*