**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1375**

In re: DAVID LEE SMITH,

      Petitioner.

On Petition for Writ of Mandamus.  (5:06-hc-02061-BO)

Submitted:  May 18, 2020                                Decided:  June 2, 2020

Before MOTZ, KEENAN, and HARRIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David Lee Smith, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Smith petitions for a writ of mandamus, seeking an order from this court directing the district court to construe his motion to vacate filed in the action below as a "U.S. Supreme Court Rule 36(3)(A)(4) motion for his emergency release pending U.S. Supreme Court review on his written promise to appear" and order a state court judge to docket and calendar a bond hearing, order that Smith appear at that hearing, and order that he be released during the state of emergency resulting from the spread of COVID-19. Smith also has filed a motion to remand case, in which he requests that this court allow him to amend his mandamus petition and construe that petition as "a motion to remand case, with instructions for [the] district court to cause [a state] clemency administrator assistant . . . to issue an emergency clemency order in his case" and commute his consecutive state prison sentences to a sentence of time served and order his prison custodian to release him. We construe Smith's motion to remand case as a motion to amend his mandamus petition and conclude that Smith is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *In re Murphy--Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Court of Mecklenburg*

*Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The relief sought by Smith is not available by way of mandamus. Accordingly, although we grant leave to proceed in forma pauperis and grant Smith's motion to amend his mandamus petition, we deny the mandamus petition as amended. We also deny Smith's motion for release due to the COVID-19 threat. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*