**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1459**

In re:  JAMES RAY CLARK,

　　　　　　　Petitioner.

On Petition for Writ of Mandamus.  (5:15-hc-02087-FL)

Submitted:  June 18, 2020                    Decided:  June 26, 2020

Before KEENAN, QUATTLEBAUM, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

James Ray Clark, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

North Carolina state prisoner James Ray Clark petitions for a writ of mandamus seeking an order from this court directing the district court to vacate its final order in his 2016 habeas corpus action, reduce his sentence to time served, and order his immediate release from prison due to the COVID-19 pandemic. We conclude that Clark is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007). This court also does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The relief sought by Clark is not available by way of mandamus. Accordingly, although we grant leave to proceed in forma pauperis, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*