**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 21-1276**

─────────────

In re: DAVID L. SMITH,

              Petitioner.

─────────────

On Petition for Writ of Mandamus.  (5:19-hc-02207-FL)

─────────────

Submitted:  May 20, 2021                        Decided:  May 25, 2021

─────────────

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

David Lee Smith, Petitioner Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Smith petitions for a writ of mandamus, seeking an order from this court directing the district court to discharge his North Carolina state convictions for breaking and entering and larceny and order his immediate release from prison. We conclude that Smith is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *Murphy-Brown*, 907 F.3d at 795. This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The relief sought by Smith is not available by way of mandamus. Accordingly, we deny the petition for a writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2