**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-2399**

In re: DEREK STANTON LAMAR,

  Petitioner.

On Petition for Writ of Mandamus.  (2:12-cv-00706-AWA-RJK)

Submitted:  February 28, 2022          Decided:  March 11, 2022

Before KING and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Derek Stanton LaMar, Petitioner Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derek Stanton LaMar petitions for a writ of mandamus seeking an order directing the district court to grant summary judgment in his favor in his pending 42 U.S.C. § 1983 action and directing defendant state officials in that case to provide redress. We conclude that LaMar is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted). This court does not have jurisdiction to grant mandamus relief against state officials. *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969).

The relief sought by LaMar is not available by way of mandamus. Moreover, to the extent LaMar alleges undue delay in the district court, our review of the district court's docket reveals that the district court recently took significant action in LaMar's case. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2