**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1843**

───────────────

In re: ALDO DIBELARDINO, +12 suri juris Virginia residents, citizens John &
Jane Does 1-100,

Petitioner.

───────────────

On Petition for Writ of Mandamus to the United States District Court for the Eastern
District of Virginia, at Newport News.

───────────────

Submitted:  October 22, 2024                    Decided:  October 24, 2024

───────────────

Before KING and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Aldo DiBelardino, Petitioner Pro Se.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aldo DiBelardino petitions for a writ of mandamus asking that this court (1) order "the Norfolk, Virginia Federal Courthouse U.S. Marshals and the grand jury coordinator to STAND DOWN [and] allow public PRESENTMENT of criminal Federal Code violations to our grand jury on September 4, 2024"; (2) order "Virginia Beach Authorities . . . to STAND DOWN [and] allow public PRESENTMENT of criminal State Code violations to our grand jury on September 16, 2024"; and (3) "take Judicial Notice that failure of the Circuit Court for the City of Virginia Beach to comply with [certain] requirements is prima facie evidence of judicial misconduct requiring additional lawful, coordinated, liberty actions." (Mandamus Pet. (ECF No. 2) at 5). We conclude that DiBelardino is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (cleaned up).

We conclude that DiBelardino is not entitled to the relief he seeks. *See, e.g.*, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969) (explaining that this court does not have jurisdiction to grant mandamus relief against state officials). Accordingly, we deny the petition for writ of mandamus. We also deny DiBelardino's emergency motion for injunctive relief pending appeal. We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*