**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 24-2256**

───────────

In re: TA'KUAN BINGHAM,

        Petitioner.

───────────

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Virginia, at Alexandria.

───────────

Submitted:  March 11, 2025                  Decided:  March 13, 2025

───────────

Before NIEMEYER, RICHARDSON, and BENJAMIN, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Ta'Kuan Bingham, Petitioner Pro Se.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ta'Kuan Bingham petitions for a writ of mandamus seeking an order directing the state court to grant him a new trial in his 2021 convictions. We conclude that Bingham is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (alteration and internal quotation marks omitted).

This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

The relief sought by Bingham is not available by way of mandamus. Accordingly, we deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

2