**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-2118**

———————————

In re: RABITAH MOSES,

        Petitioner.

———————————

On Petitions for Writs of Mandamus to the United States District Court for the District of Maryland, at Greenbelt.  (8:25-cv-02648-LKG; 8:25-cv-02498-LKG)

———————————

Submitted:  November 12, 2025                    Decided:  November 14, 2025

———————————

Before WILKINSON, KING, and GREGORY, Circuit Judges.

———————————

Petitions denied by unpublished per curiam opinion.

———————————

Rabitah Moses, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rabitah Moses petitions this court for a writ of mandamus. In her petition, Moses complains of delay by the district court in ruling on various motions pending in her civil actions and requests that this court order the district court to immediately rule on some motions and expeditiously rule on others. Moses additionally requests that this court: enter temporary orders "staying retaliatory warrants, pre-trial, probation[,] and bond revocations"; act in an expedited fashion and order the district court to provide a status report; order the district court to consider taking "provisional measures to stay any further issuance of warrants, bond revocations, or other retaliatory filings" by state actors; and order the district court to take "appropriate steps to protect [her] ongoing health, safety, and access to necessary medical care."

Moses also has filed a document titled "Emergency Petition for Writ of Mandamus and Request for Emergency Injunctive Relief" that has been docketed as a motion requesting multiple forms of relief. (ECF No. 21). In this motion, Moses complains of delay by the district court in ruling on various of her motions and requests that this court order the district court to rule on them. She further requests that this court: "recall and quash" all active bench warrants against her; lift "all Pre-Trial bond and Probation conditions"; prohibit "further retaliatory charges, bond revocations, or any act of retaliation" by certain state actors without "meaningful judicial review"; protect her First Amendment rights; enter an injunction prohibiting certain Defendants from communicating with one another about her or her litigation "in a manner that undermines judicial review or perpetuates retaliation or in any manner violat[ing] any judicial trust";

2

order "[a]ny additional relief deemed necessary to protect [her] constitutional rights, prevent ongoing irreparable injury, and preserve federal court jurisdiction"; grant "[i]mmediate [t]emporary [r]elief" in eight respects pending a ruling by the district court; retain jurisdiction to ensure "compliance with the terms of" temporary relief and consider additional remedies; and, alternatively, "request" that the district court act expeditiously to "address all pending motions."  Moses explicitly requests relief from this court in the form of a writ of mandamus.  We thus construe this motion (ECF No. 21) as an additional petition for a writ of mandamus.  We also conclude that Moses is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [she] desires."  *Murphy-Brown*, 907 F.3d at 795 (citation modified).  Mandamus may not be used as a substitute for appeal.  *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).  This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969) (per curiam), and does not have jurisdiction to review final state court orders, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Our review of the district court's docket reveals no undue delay by the district court, and the other relief Moses seeks is not available by way of mandamus.  Accordingly, we deny Moses' motion to file ex parte document (ECF No. 15) and deny the petitions for

3

writs of mandamus.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITIONS DENIED*