**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 25-2441**

─────────────

In re: MARTINEZ ORLANDIS BLACK,

      Petitioner.

─────────────

On Petition for Writ of Mandamus to the United States District Court for the Western District of North Carolina, at Charlotte.  (3:06-cr-00364-RJC-1)

─────────────

Submitted:  April 23, 2026                                    Decided:  April 27, 2026

─────────────

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Martinez Orlandis Black, Petitioner Pro Se.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martinez Orlandis Black petitions for a writ of mandamus seeking an order directing North Carolina courts to enforce an order issued in Black's state court proceedings. We conclude that Black is not entitled to mandamus relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires." *Murphy-Brown*, 907 F.3d at 795 (citation modified).

This court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), and it does not have jurisdiction to review final state court orders, *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Thus, the relief sought by Black is not available by way of mandamus. We therefore deny the petition for writ of mandamus. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*