**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-1263**

———————

In re: TAYLOR MORGAN DANT,

      Petitioner.

———————

On Petition for Extraordinary Writ.

———————

Submitted: April 3, 2026                              Decided: April 28, 2026

———————

Before DIAZ, Chief Judge, and WILKINSON and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Taylor Morgan Dant, Petitioner.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taylor Morgan Dant petitions for an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651(a), seeking an order enjoining the enforcement of a state court preliminary injunction that prohibits her from the practice of law until she satisfies certain conditions. Dant also requests that this court declare unconstitutional Chapter 84 of the North Carolina General Statutes, prohibit the North Carolina State Bar from enforcing Chapter 84 beyond the jurisdiction of North Carolina, and stay any proceedings preventing her from engaging in the practice of law in federal court.[1]  Dant has filed a separate Motion for Stay and Injunction Pending Disposition of Petition for Writ.

The All Writs Act authorizes the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  Generally, "[a]n 'extraordinary writ' is an original action authorized by the All Writs Act . . . and is the procedural mechanism a party invokes to ask this Court to order another governmental actor to do something (writs of mandamus) or refrain from doing something (writs of prohibition)."  *Moreno v. Bosholm*, 151 F.4th 543, 575 n.25 (4th Cir. 2025).

But "[t]he authority to issue a writ under the All Writs Act is not a font of jurisdiction."  *United States v. Denedo*, 556 U.S. 904, 914 (2009).  Rather, this court's authority to issue an extraordinary writ under the All Writs Act "is only incidental to and

---

[1] Chapter 84 of the North Carolina General Statutes generally governs attorney licensure and disciplinary proceedings and contains the statute under which the state court preliminarily enjoined Dant from practicing law, *see* N.C. Gen. Stat. § 84-28(f) (2025).

in aid of [its] appellate jurisdiction, which Congress has given it over district courts, and administrative boards and agencies." *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969) (citations omitted).

Dant's request to enjoin all enforcement of the state court's preliminary injunction order is not tied to any specific exercise of this court's appellate jurisdiction. Indeed, we lack jurisdiction to review the state court's preliminary injunction. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Insofar as Dant invokes our jurisdiction over the North Carolina federal district courts in asking us to, at the very least, enjoin the enforcement of the state court's preliminary injunction in those courts, Dant has other adequate means for seeking that relief.[2] *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) (recognizing that the All Writs Act is "a residual source of authority" (internal quotation marks omitted)); *Gray Media Grp., Inc. v. Loveridge*, 155 F.4th 330, 337 (4th Cir. 2025) (explaining that petitioner may not obtain mandamus relief if she has "other adequate means" of obtaining relief (internal quotation marks omitted)); *In re Sch. Asbestos Litig.*, 921 F.2d 1310, 1314 (3d Cir. 1990) (explaining same as to writ of prohibition). That is, Dant may contest the application of the preliminary injunction order in federal court through reciprocal disciplinary proceedings. Notably, Dant has already unsuccessfully challenged the enforcement of the state court's preliminary injunction in the United States District Court

---

[2] We also disagree with Dant's assertion that there has been undue delay in her lawsuit filed in the United States District Court for the Eastern District of North Carolina, *Dant v. N.C. State Bar*, No. 5:26-cv-00038-FL.

3

for the Middle District of North Carolina. *See In re Dant*, No. 25-1671, 2025 WL 2218877, at \*1 (4th Cir. Aug. 5, 2025).

Turning to Dant's other requested relief—that is, an order declaring Chapter 84 unconstitutional and prohibiting the North Carolina State Bar from enforcing Chapter 84 beyond North Carolina—Dant fails to tether those requests to any exercise of this court's appellate jurisdiction. And Dant cannot use the All Writs Act as a basis for federal subject matter jurisdiction. *See Gurley*, 411 F.2d at 587. We also lack jurisdiction to grant mandamus relief against state officials. *See id.*

Finally, we independently conclude that Dant has not shown a clear and indisputable right to any of the relief that she requests. *See Gray Media Grp., Inc.*, 155 F.4th at 338 (explaining that petitioner may not obtain mandamus relief unless she shows "a clear and indisputable right to the requested relief" (internal quotation marks omitted)); *In re Vargas*, 723 F.2d 1461, 1468 (10th Cir. 1983) (explaining same as to writ of prohibition).

We thus deny as moot Dant's petition for an extraordinary writ (ECF No. 3) and deny Dant's amended petition for an extraordinary writ (ECF No. 12) and Motion for Stay and Injunction Pending Disposition of Petition for Writ (ECF No. 10). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*