**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 26-1273**

———————

In re: CAUSTIN LEE MCLAUGHLIN,

      Petitioner.

———————

On Petition for Writ of Mandamus to the United States District Court for the District of Maryland, at Baltimore.  (1:25-cv-04130-BAH)

———————

Submitted:  March 13, 2026                              Decided:  May 20, 2026

———————

Before GREGORY and WYNN, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Petition denied by unpublished per curiam opinion.

———————

Caustin Lee McLaughlin, Petitioner Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Caustin Lee McLaughlin petitions for a writ of mandamus seeking an order from this court directing the district court to take various actions in a civil suit McLaughlin filed against Jeffrey Callicutt in the District of Maryland.  The mandamus petition, with exhibits, has also been docketed as an emergency motion for injunctive relief pending appeal.  We conclude that McLaughlin is not entitled to mandamus relief and that his requests for emergency intervention lack merit.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances.  *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380 (2004); *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018).  Further, mandamus relief is available only when the petitioner has a clear right to the relief sought and "has no other adequate means to attain the relief [he] desires."  *In re Murphy-Brown*, 907 F.3d at 795 (citation modified).

First, we hold that McLaughlin fails to assert the requisite extraordinary circumstances.  McLaughlin could seek relief in the district court by simply curing the filing deficiencies identified by the district court, including either applying to proceed in forma pauperis or paying the filing fee, so to allow the underlying civil suit to proceed.  To the extent McLaughlin seeks review of the district court's orders dismissing the suit without prejudice and declining to reinstate the matter, mandamus may not be used as a substitute for appeal.  *In re Lockheed Martin Corp.*, 503 F.3d 351, 353 (4th Cir. 2007).  Finally, to the extent McLaughlin asks us to direct the district court to take certain actions related to state-court criminal or eviction proceedings, this court does not have jurisdiction to grant mandamus relief against state officials, *Gurley v. Superior Ct. of Mecklenburg*

*Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969), and does not have jurisdiction to review final state court orders, *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983).

Because, at base, none of the relief sought by McLaughlin in this petition is available by way of mandamus, we deny the petition. We further deny McLaughlin's request for injunctive relief as to any state criminal or eviction proceedings that may be ongoing and deny as moot McLaughlin's request for expedited review of this matter. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3